IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GRANDINETTI, | ) | CIV. NO. 13-00473 SOM/KSC |
| | ) | |
| Plaintiff, | ) | DISMISSAL ORDER PURSUANT TO |
| | ) | 28 U.S.C. § 1915(g) |
| vs. | ) | |
| | ) | |
| GUILIN and SAMBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is *pro se* plaintiff Francis Grandinetti's prisoner civil rights action.[1] Grandinetti is a Hawaii inmate incarcerated in Arizona. Grandinetti complains that he has missed numerous parole hearings since 2004, he was denied parole on or about August 9, 2013, and his next parole hearing is not scheduled until June 2014. Apparently, Grandinetti refused to attend his parole hearing on July 23, 2013, and alleges that rescheduling his next hearing for a year later constitutes an improper sanction. Grandinetti has neither submitted an *in forma pauperis* ("IFP") application nor paid the statutory filing fee for commencing this action.

---

[1] This pleading was originally filed in Civ. No. 13-00323 JMS as a third motion for reconsideration. *See id.*, ECF No. 11. District Judge Seabright reviewed the motion and determined that it concerns events that occurred long after Civ. No. 13-00323 was commenced and terminated; Judge Seabright ordered that a new action be opened. *See id.*, ECF No. 12.

### I.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The court takes judicial notice that Grandinetti has had at least three cases dismissed in this court that qualify as "strikes" under 28 U.S.C. § 1915(g).  *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).  They are:

      (1)   *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw. Aug. 1, 2001) (dismissed for failure to state a claim);

      (2)   *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex. Mar. 5, 1999) (dismissed as frivolous and for failure to state a claim); and

      (3)   *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex. Jan. 26, 1998) (dismissed as frivolous and for failure to state a claim).[2]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov (last visited September 23, 2013). Grandinetti may not bring a civil action without complete prepayment of the entire filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715,

---

[2] The court has notified Grandinetti of his strikes numerous times. *See e.g.*, *Grandinetti v. Champion Air*, Civ. No. 12-00528 SOM; *Grandinetti v. Inverness Med. Co.*, Civ. No. 12-00489 HG; *Grandinetti v. U.S. Attorney Gen.*, Civ. No.12-00430 HG.

717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Nothing within the Complaint and its exhibits suggests that Grandinetti was in imminent danger of serious physical injury when he filed this action.  Grandinetti may not proceed without prepayment of the civil filing fee.  The Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  Grandinetti may reassert these claims in a new action by concurrently submitting the entire $400.00 filing fee.  Any pending motions are DISMISSED.  The Clerk shall close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 24, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Guilin*, Civ. No. 13-00473 SOM/KSC; G:\docs\prose attys\3 Stks\DMP\2013\Grandinetti 13-473 SOM (no ifp, HPA hrg, no imm. dng.).wpd